140 So. 475

## CITY OF SHREVEPORT v. MORAN.
### No. 31686.

Feb. 29, 1932.

Frank O. Looney, of Shreveport, for appellant.

C. B. Prothro, Asst. City Atty., of Shreveport (L. Percy Garrot, of Shreveport, of counsel), for appellee.

OVERTON, J.

An ordinance of the city of Shreveport, adopted July 7, 1864, reads, in part, as follows:

"In all cases when any person is convicted of having committed a nuisance within the corporate limits of the city, the person so convicted shall be notified to abate the nuisance at his expense, and on failure of the person so sentenced to abate the same, he shall be fined in the sum of not less than $5 or more than $100 for each day that said person shall fail to comply with said sentence."

The ordinance then directs, in general terms, the arrest of the person offending, that he be tried, and that, upon conviction, the sentence be immediately imposed. Provision then is made that the "ordinance shall not be construed in any manner as repealing or impairing any laws heretofore passed on the subject of nuisances."

Defendant was arrested and tried on an affidavit charging that he "unlawfully did operate a public nuisance (at Thatcher and Arkansas streets) in that he did operate a tank factory at night." The trial was had under the foregoing ordinance. If there is any other ordinance of the city, pertinent to the charge against defendant, the record fails either to disclose or suggest it.

Defendant demurred to the charge on the ground that the ordinance is unconstitutional, in that the word "nuisance," standing alone, without definition or description of what shall be deemed a nuisance within the intendment of the ordinance, makes the ordinance too uncertain and indefinite to serve as a basis for prosecution.

The demurrer was overruled, and defendant was convicted and given time within which to abate the nuisance. His refusal to abate caused the imposition of a fine against him.

We think that the ordinance is too vague and indefinite to be sustained. It should have

defined, within legal bounds, with reasonable certainty, by general or particular terms, what acts it deemed nuisances, so as to place persons on their guard. This the ordinance might have done without going into great particularity. The courts, it is true, have frequently had occasion to define the word "nuisance," and, among them, this court, nevertheless we feel that we are not justified in referring to these definitions to the extent of ascertaining what particular acts the council wished to penalize as nuisances. State v. Heidenhain, 42 La. Ann. 483, 7 So. 621, 21 Am. St. Rep. 388; 20 R. C. L. p. 380; 46 C. J. p. 645, defining a nuisance. If we hold that the council wished to penalize all acts that fall within the definition of a nuisance, as defined by the courts, this would include both private and public nuisances, when, for obvious reasons, it may be seriously doubted, notwithstanding the broad language of the ordinance, that the intention was to include the former, and it also may be doubted, though the wording of the ordinance includes them, that it was the intention to include those acts which in their nature may be nuisances, but as to which, as pointed out in 20 R. C. L., p. 383, § 6, there may be honest differences of opinion in impartial minds.

What the council has done, it seems to us, is that it has simply penalized the commission of a nuisance, leaving it to the courts to decide, so far as appears from the record, what acts should be deemed to constitute the offence within the intendment of the ordinance, and then, if there is a failure to abate to impose the penalty.

While not expressed in what may be termed a nuisance case, we think that the following views, expressed by the lower court and then approved by the Supreme Court, in the case of United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 299, 65 L. Ed. 516, 14 A. L. R. 1045, are pertinent here to wit:

"Congress alone has power to define crimes against the United States. This power cannot be delegated either to the courts or to the juries of this country. * * *

"Therefore because the law is vague, indefinite, and uncertain, and because it fixes no immutable standard of guilt, but leaves such standards to the variant views of the different courts and juries which may be called on to enforce it, and because it does not inform defendant of the nature and cause of the accusation, I think it is constitutionally invalid, and that the demurrer offered by the defendant ought to be sustained."

In commenting on these views the Supreme Court of the United States said:

"We see no reason to doubt the soundness of the observation of the court below in its opinion to the effect that, to attempt to enforce the section would be the exact equivalent of an effort to carry out a statute which in terms merely penalized and punished all acts detrimental to the public interest when unjust and unreasonable in the estimation of the court and jury."

In United States v. Reese, 92 U. S. 214, 221, 23 L. Ed. 563, 566, the court said:

"It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of the government."

The ordinance, we think, is too vague and indefinite to be sustained.

Therefore the judgment appealed from is set aside, the ordinance is declared unconstitutional, and the defendant is discharged.